**REMAND/MADE JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-2947-GW(AJWx) | Date | June 4, 2012 |
| Title | *Federal National Mortgage Association v. Jesus Mendoza et al* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

     Valerie Lynn Hanna                          None Present

**PROCEEDINGS:**     **PLAINTIFF'S MOTION FOR ORDER REMANDING CASE TO STATE COURT; REQUEST FOR SANCTIONS AGAINST DEFENDANT SALVADOR VASQUEZ (filed 05/04/12)**

Defendant Jesus Mendoza, pro se, is not present. The Tentative circulated and attached hereto, is adopted as the Court's final ruling. Plaintiffs' motion to remand is **GRANTED**. The request for sanctions is **DENIED**. The above-entitled action is remanded to the Los Angeles County Superior Court for the State of California (12U00126).

                                                                                         :    01

                                            Initials of Preparer    JG

*Fed. Nat'l Mortg. Ass'n v. Mendoza, et al.*, Case No. CV-12-2947
Tentative Ruling on Motion for Order Remanding Case to State Court; Request for Sanctions Against Defendant Salvador Vasquez

Defendant Salvador Vasquez ("Defendant") removed an unlawful detainer action from state court to this Court, *in pro per*, asserting that this Court has federal question jurisdiction over this action because of the effect of the Protecting Tenants at Foreclosure Act ("PTFA"). Plaintiff Federal National Mortgage Association ("Fannie Mae") moves to remand this action, arguing that the Court lacks subject matter jurisdiction and that Defendant's removal was untimely. Fannie Mae also seeks an award of attorney's fees. The Court will grant the motion to remand both because 1) Fannie Mae timely challenged the untimeliness of the removal and Defendant has not demonstrated any error in that argument and 2) Defendant has not demonstrated that the Court has subject matter jurisdiction over this case. However, the Court will decline to award attorney's fees.

Fannie Mae asserts that it served the Complaint in this matter on January 27, 2012. *See* Docket No. 7, at 5:10-11. Defendant's notice of removal states only that Defendant effected removal within 30 days of "discovering" that this case was ripe for removal. Notice of Removal ¶ 15. Yet, there was nothing that changed about this case from the time it was first filed and (apparently[1]) served upon Defendant. Thus, if what Defendant means is that he removed the case within 30 days of *realizing* that the case was removable, that assertion would not matter. The 30-day period runs from when he should have been aware, from the face of the Complaint, that the case was removable. *See* 28 U.S.C. § 1446(b). Defendant asserts it is removable because of the effect of the PTFA, which would have been applicable, if at all, from the onset of the case.

Defendant asserts in his Notice of Removal – he has not opposed this motion,[2] so

---

[1] Fannie Mae has not actually *evidenced* its January 27, 2012, service of the Complaint upon Defendant. However, it has asserted such a service date in its moving papers, Defendant has not responded, and Defendant's attempted compliance with the requirement that he allege that his removal was timely was itself deficient because he did not actually attempt to state when he was served with the Complaint. That is itself a procedural defect. In any event, because this Court lacks subject matter jurisdiction, even in the absence of the procedural defect discussed herein, the case would be remanded.

[2] *See* C.D. Cal. L.R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

1

he offers no argument – that Fannie Mae has actually filed a "Federal Question action" because of the PTFA and that the PTFA *preempts* state law with respect to the eviction of residential tenants of foreclosed landlords. *See* Notice of Removal ¶¶ 5-6. Thus, Defendant contends that Fannie Mae artfully pled its unlawful detainer claim and should have instead filed a federal claim for "ejectment." *See id.* ¶¶ 10, 14. Defendant also argues that Fannie Mae's unlawful detainer claim "necessarily depends on resolution of a substantial question of Federal law" and fits within the exception recognizing federal jurisdiction over a state law claim the Supreme Court enunciated in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, *reh'g denied*, 545 U.S. 1158 (2005).[3] *See* Notice of Removal ¶¶ 8-9.

      The Complaint, on its face (to which a federal court is ordinarily limited in assessing the existence of subject matter jurisdiction), clearly does not state a federal claim for "ejectment." To the extent Defendant believes the PTFA preempts Fannie Mae's state law unlawful detainer claim, "[o]rdinary" preemption by federal law is not a basis for finding federal jurisdiction over a case that has been removed from state to federal court. Only *complete* preemption serves that purpose. *See, e.g., Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243-45 (9th Cir. 2009); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). The Court has found no case within the Ninth Circuit (nor any court of appeals decision outside the Ninth Circuit) that has concluded that the PTFA completely preempts any state's unlawful detainer procedure. A number of cases have specifically rejected that contention. *See, e.g., Fed. Nat'l Mortg. Ass'n v. Watkins*, No. CV-12-577-PHX-GMS, 2012 U.S. Dist. LEXIS 38800, *3-4 (D. Ariz. Mar. 22, 2012); *Aurora Loan Servs. LLC v. Torres*, No. 5:11-CV-03061-EJD, 2011 U.S. Dist. LEXIS 112917, *3 (N.D. Cal. Sept. 30, 2011); *PNC Bank, Nat'l Ass'n v. Branch*, No. CV 11-596-PHX-JAT, 2011 U.S. Dist. LEXIS 80441, *2 (D. Ariz. July 22, 2011); *Fed. Nat'l Mortg. Ass'n v. Hammond*, No. CV 11-00867 GAF (OPx), 2011 U.S. Dist. LEXIS 67321,

---

[3] To the extent Defendant asserts that *he* has a private right of action under the PTFA (and that assertion is made outside the context of his attempted *Grable* showing), *see* Notice of Removal ¶¶ 11-12, counterclaims (like defenses, which Defendant emphasizes he is *not* raising as a basis for subject matter jurisdiction here, *see id.* ¶ 13) cannot serve as the basis for subject matter jurisdiction in the absence of a basis for subject matter jurisdiction in the Complaint itself. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-32 (2002); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

2

*4-6 (C.D. Cal. June 22, 2011); *BDA Inv. Props. LLC v. Sosa*, No. CV 11-03684 GAF (RZx), 2011 U.S. Dist. LEXIS 54524, *4-5 (C.D. Cal. May 12, 2011). This Court likewise reaches that same conclusion.

The Court similarly has found no case recognizing the PTFA as giving rise to federal jurisdiction under *Grable*'s discussion for how such jurisdiction might come about or any case concluding that an unlawful detainer claim necessarily depends upon the resolution of a substantial question of federal law under the PTFA . *See Grable*, 5455 U.S. at 314 ("[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."); *see also Hammond*, 2011 U.S. Dist. LEXIS 67321, at *6-7; *BDA Inv.*, 2011 U.S. Dist. LEXIS 54524, at *5-7 (citing *Grable* and rejecting federal jurisdiction because of lack of private right of action under PTFA); *U.S. Nat'l Bank Ass'n v. Garcia*, No. CV 09-8501 AHM (CTx), 2009 U.S. Dist. LEXIS 112825, *2-3 (C.D. Cal. Nov. 20, 2009) (rejecting *Grable* as a basis for federal jurisdiction simply because of complaint's reference to PTFA). This Court will not be the first to do so.

Notwithstanding the above conclusions that subject matter jurisdiction is lacking and that Defendant's removal was procedurally defective, the Court will not award any attorney's fees in connection with this motion. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees [under section 1447(c)] should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Unless there are special circumstances, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. This does not equate to awarding fees whenever a removing party loses on a motion to remand. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). When determining whether special circumstances apply, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general

3

matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

First, although this Court believes – along with a number of other District Courts – that the PTFA does not give rise to federal jurisdiction in the manner Defendant argues, Defendant's assertion has not yet been addressed by any authoritative decision in this Circuit. The lack of controlling authority on point would make it difficult for the Court to conclude that Defendant could not have had an "objectively reasonable basis" for removal. *Martin*, 546 U.S. at 141.

In addition, Defendant *may* have had a different basis to remove the case. Some federal courts have concluded that there is federal subject matter jurisdiction over any case in which Fannie Mae is a party. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust ex rel. Fed. Nat'l Mortg. Ass'n v. Raines*, 534 F.3d 779, 784-88 (D.C. Cir. 2008); *Perpetual Building & Loan Ass'n v. Series Directors of Equitable Building & Loan Ass'n*, 217 F.2d 1, 6 (4th Cir. 1954). *But see, e.g., Rincon del Sol, LLC v. Lloyd's of London*, 709 F.Supp.2d 517, 522-25 (S.D. Tex. 2010). In fact, in at least some cases, Fannie Mae itself has argued that federal jurisdiction exists for reasons addressed by the *Pirelli* court. *See, e.g., Knuckles v. RBMG, Inc.*, 481 F.Supp.2d 559, 562-65 (S.D. W. Va. 2007); *Rodriguez v. Fed. Nat'l Mortg. Ass'n*, 268 F.Supp.2d 87, 87-89 (D. Mass. 2003). The courts are split on this issue, but rulings confronting and deciding it in this District have concluded that Fannie Mae's presence in an action does not automatically create federal jurisdiction. *See Fed. Nat'l Mortg. Ass'n v. Hammond*, No. CV 11-00867 GAF (OPx), 2011 U.S. Dist. LEXIS 67321, *8-9 (C.D. Cal. June 22, 2011); *Fed. Nat'l Mortg. Ass'n v. De-Savineau*, No. EDCV 10-01106, 2010 U.S. Dist. LEXIS 97099, *2-3 (C.D. Cal. Aug. 25, 2010).

Finally, even if the Court would conclude that the procedural defect in Defendant's removal could provide a basis for a section 1447(c) attorney's fee award, the Court would decline to award such a fee given (at a minimum) Fannie Mae's own failure to actually present evidence backing up its assertion that it served the Complaint on Defendant on January 27, 2012.

The Court grants the motion, remanding the case to state court, but denies Fannie Mae's request for attorneys' fees.